UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

J.R. SIMPLOT COMPANY, *et al.*,

Plaintiffs,

v.

WASHINGTON POTATO CO., *et al.*,

Defendants.

Case No. C16-1851RSM

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on Defendants Washington Potato Company ("WPC"), Oregon Potato Company ("OPC"), and Frank Tiegs's (collectively "Defendants") motion to dismiss Plaintiff J.R. Simplot Company's ("Simplot") First Amended Verified Complaint (the "Amended Complaint").[1] Dkt. #49. Simplot's suit stems from Defendants' alleged mismanagement of Pasco Processing LLC ("Pasco") and Gem State Processing LLC ("Gem State"), two food processing and distributing businesses co-owned by Simplot and WPC, and Simplot and OPC, respectively. Defendants deny these allegations and now seek to dismiss Simplot's Amended Complaint on the ground that the Court lacks subject matter

---

[1] Although Pasco Processing LLC and Gem State Processing LLC are named as plaintiffs in Simplot's Amended Complaint, as far as the Court is aware, Pasco and Gem State remain unrepresented in this matter. *See* Dkt. #46.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

jurisdiction over Simplot's claims. Defendants reason that because the businesses co-owned by Simplot and WPC and OPC are limited liability companies ("LLC"s) whose citizenship is the same as that of its members, their inclusion on either side of this matter destroys diversity jurisdiction. Simplot does not agree and instead argues that, even though it brings derivative claims on behalf of Pasco and Gem State, Pasco and Gem State are merely nominal parties whose citizenship does not matter to determine if subject matter jurisdiction exists. In the alternative, Simplot argues that even if the Court does not have subject matter jurisdiction over its derivative claims, the Court nonetheless has original jurisdiction over its direct claims. Simplot thus urges the Court to exercise supplemental jurisdiction over any of its non-diverse derivative claims.

Having reviewed Simplot and Defendants' briefing on this matter, the Court finds it may have subject matter jurisdiction over two of Simplot's direct claims. However, because it is unclear from Simplot's Amended Complaint whether the amount in controversy for these two claims exceeds $75,000, the Court cannot exercise subject matter jurisdiction.[2] The rest of Simplot's claims are derivative claims, Pasco and Gem State are indispensable parties to those claims, and Simplot's joinder of Pasco and Gem State destroyed the diversity of those claims. Accordingly, Defendants' motion to dismiss is GRANTED.

## II. BACKGROUND

This suit arises out of Simplot and Defendants' co-ownership of Pasco and Gem State. Dkt. #46 ¶ 1. Pasco and Gem State are multi-million dollar food processing and distributing businesses formed under Washington State's LLC Act. *See id*. ¶¶ 3, 23. Pasco, a manager-

---

[2] The Court notes that even if it had subject matter jurisdiction over two of Simplot's claims, it would not exercise supplemental jurisdiction over Simplot's derivative claims because those claims are not so related to Simplot's direct claims to warrant the exercise of supplemental jurisdiction.

managed LLC, is managed by Defendant WPC. *Id.* ¶ 6. Gem State is also a manager-managed LLC, and is managed by Defendant OPC. *Id.* ¶ 7. Defendants WPC and OPC are Washington state corporations whose principal place of business is in Washington. *Id.* ¶¶ 20-21. Defendant Tiegs, who is a citizen of Washington State, is the principal of both WPC and OPC. *Id.* ¶¶ 6-7. Simplot, a Nevada corporation whose principal place of business is in Idaho, brings this action directly, based on its status as a member of Pasco and Gem State, and derivatively on behalf of Pasco and Gem State. *Id.* ¶¶ 3, 4, 19. In its Amended Complaint, Plaintiff claims Defendants "through gross negligence, recklessness, and intentional misconduct, including self-dealing, have mismanaged Pasco, NFF, and Gem State to the point where these companies are failing financially and otherwise."[3] *Id.* ¶ 9.

Simplot's Amended Complaint lists fifteen (15) claims for relief.[4] Dkt. #46 ¶ 121-181. Eight of Simplot's claims are filed directly, six are filed derivatively on behalf of Pasco and Gem State, and one is filed on behalf of Simplot, Pasco, and Gem State. *Id.* Simplot's direct claims for relief include two claims for Defendants' alleged breach of the Pasco and Gem State operating agreements (Counts I and II), two claims for Defendants' alleged violation of the Washington State Limited Liability Company Act's records disclosure requirements (Counts III and IV), two claims for Defendants' alleged breach of fiduciary duties owed to Simplot (Counts V and VI), a claim for unjust enrichment (Count VII), and a claim for declaratory judgment (Count VIII). *Id.* ¶¶ 121-152. Simplot's derivative claims include two claims for Defendants'

---

[3] "NFF" refers to National Frozen Foods Corporation, a wholly-owned indirect subsidiary of Pasco. Dkt. #46 ¶¶ 6. Although NFF is not named as a party in this matter, Simplot's Amended Complaint alleges Defendants' conduct has also impacted NFF.

[4] Simplot initially filed suit against Defendants on December 2, 2016. *See* Dkt. #1. Defendants moved to dismiss Simplot's Complaint for Simplot's alleged failure to name an indispensable party and for lack of subject matter jurisdiction. Dkt. #18. After responding to Defendants' motion to dismiss, Plaintiff filed its Amended Complaint on January 19, 2017. Dkt. #46.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 3

alleged breach of the Pasco and Gem State operating agreements (Counts IX and X), two breach of fiduciary duty claims (Counts XI and XII), one claim of unjust enrichment (Count XIII), and one claim for WPC's alleged breach of Pasco's management services agreement (Count XIV). *Id*. ¶¶ 153-177. Count XV seeks the appointment of a receiver for Pasco and Gem State, and it is filed on behalf of Simplot, Pasco, and Gem State. *Id*. ¶¶ 178-181.

Simplot's request for declaratory judgment (Count VIII) stems from WPC's declaration of a "Deadlock" under Pasco's Operating Agreement ("Pasco OA"). Dkt. #46 ¶ 100. Under the Pasco OA, a "Deadlock" occurs when there is a tie vote "with respect to any matter for which a majority of the Board Members is required for approval, and such matter is not approved as a result of a [tie] vote . . . on a matter submitted to it at a meeting or in the form of a proposed written consent." *Id*. ¶ 101. When a "Deadlock" occurs, Simplot and WPC must attempt to resolve the "Deadlock" through mediation. *Id*.¶ 103. However, if mediation is unsuccessful, WPC, subject to a condition precedent, has the option to purchase Simplot's interest in Pasco. *Id*. The condition precedent ("Supply Agreement Condition") states:

> Washington Potato's option to purchase Simplot's Member Percentage Interest under this Section 9.5 shall be conditioned upon the Company, Washington Potato and Simplot entering into a supply agreement for a period of five (5) years for the supply of vegetable products to Simplot with terms and conditions mutually acceptable to Simplot and Washington Potato.

*Id*.

Simplot alleges WPC unilaterally declared a "Deadlock" in December 2016 after Simplot did not comply with WPC's October 2016 request for Simplot to make an additional capital contribution to Pasco. *Id*. ¶¶ 102, 107. Simplot alleges it has not refused to make the requested capital contribution, but has instead asked Defendants to comply with Simplot's pre-existing demand for records before Simplot decides whether to further invest in Pasco. *Id*. ¶ 107.

Simplot claims Defendants "manufactured" this "Deadlock" in an "attempt to squeeze Simplot out of Pasco and Gem State . . ." at a "significant loss." *Id*. ¶¶ 105, 108. If the Court determines a "Deadlock" exists, Simplot requests a declaration from the Court that WPC's purchase option is unenforceable because the Pasco OA's Supply Agreement Condition is unenforceable as a matter of law. *Id*. ¶ 152(E). In the alternative, Simplot seeks a declaration that the purchase option is unenforceable as a matter of law due to WPC's self-dealing, breaches of fiduciary duties, and/or other conduct that reduced Pasco's value to Defendants' benefit. *Id*. ¶ 152(F).

### III. LEGAL STANDARD

Motions to dismiss based on a lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. Section 1332(a)(1) of Title 28 of the United States Code confers federal jurisdiction to courts over civil actions where the amount in controversy exceeds $75,000, and the matter is between citizens of different states. Thus, for the exercise of subject matter jurisdiction to be proper in a diversity case, no plaintiff can be a citizen of the same state as any defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Diversity is determined when the complaint is filed, *Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986), and the burden of proving jurisdictional facts is on the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182 (1936); *Fenton v. Freedman*, 748 F.2d 1358, 1359 n. 1 (9th Cir. 1984). The diversity statute is construed strictly and doubts are resolved against finding jurisdiction. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983).

### IV. DISCUSSION

For purposes of subject matter jurisdiction, an LLC's citizenship is determined according to the citizenship of the members of the LLC. *Johnson v. Columbia Props.*

*Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). However, in determining subject matter jurisdiction, courts must "disregard nominal or formal parties and rest jurisdiction upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). Because Simplot and Defendant WPC are both members of Pasco, Pasco is a citizen of Idaho and Washington State. Including Pasco as a party to this case therefore destroys diversity jurisdiction. The same is true of Gem State's inclusion as a plaintiff. However, Pasco and Gem State's citizenship may not be a factor in determining subject matter jurisdiction if, as Simplot argues, the Court finds these two LLCs are nominal parties whose citizenship is irrelevant. *See* Dkt. #52 at 12-16. Defendants argue that Pasco and Gem State are not nominal parties, but are instead indispensable parties whose inclusion in this matter destroys diversity jurisdiction. The Court agrees that, to the extent Simplot's claims are derivative, Pasco and Gem State are not nominal parties whose citizenship can be ignored.

Federal Rule of Civil Procedure 17(a) requires that actions "be prosecuted in the name of the real party in interest." Whether an LLC is a real party in interest is determined by looking at the laws of the state where the LLC was organized. *See* Fed. R. Civ. P. 17(b). Pasco and Gem State are both Washington State LLCs. Dkt. #46 ¶ 3. Under Washington State law, LLC members can bring derivative actions to enforce the rights of an LLC. *See* RCW 25.15.386. Because LLC members can bring derivative actions on behalf of an LLC, the Court must determine which of Simplot's claims are derivative. Derivative claims will render Pasco and Gem State real parties in interest to this suit, which will destroy diversity jurisdiction over those claims. *See Kroupa v. Garbus*, 583 F. Supp. 2d 949, 952 (N.D. Ill. 2008) (applying Delaware law to determine if plaintiff's claims were derivative, and finding lack of complete jurisdiction where plaintiff's claims were properly characterized as derivative); *also Finley v.*

*Takisaki*, No. C05-1118JLR, 2006 WL 1169794, *3 (W.D. Wash. April 28, 2006) (disallowing LLC members to bring suit where the injury alleged was not independent of an injury suffered by the LLC). Simplot may proceed on any direct claims against Defendants if Pasco and Gem State are not indispensable parties to those claims. The Court considers each of Simplot's claims in turn.

**A. The Court Lacks Subject Matter Jurisdiction Over Simplot's "Derivative" Claims.**

The Court will first address whether the six claims labeled by Simplot as "derivative," are truly derivative under Washington State law. Under Washington State law, LLC members, like corporate shareholders, can bring derivative claims to enforce the rights of an LLC. WASH. REV. CODE 25.15.386 (2017). LLC members can also bring direct claims. *See Finley v. Takisaki*, No. C05-1118JLR, 2006 WL 1169794, *3 (W.D. Wash. April 28, 2006) (acknowledging that LLC members may allege direct injuries if they are independent of an injury suffered by the LLC); *also Goldberg Family Inv. Corp. v. Quigg*, No. 44915-3-II, 2014 WL 5465812, *9 (Wash. App. Oct. 28, 2014) (same). The Washington Limited Liability Company Act does not indicate how to distinguish between direct and derivative claims. *See* WASH REV. CODE §§ 25.15.386 and 25.15.391. However, Washington State Courts have applied the same test used in the limited partnership (and corporate) context to distinguish between these claims. *Goldberg*, 184 Wash. App. 1019, at *9. Using this test, a claim is direct where injury to an LLC member "is not solely the result of an injury suffered or threatened to be suffered" by the LLC. *Id.*; *see* WASH. REV. CODE § 25.10.701(2). An injury is derivative where injury to the LLC member arises from an injury inflicted on an LLC. Here, Counts IX through XIV are listed as derivative claims. Dkt. #46 ¶¶ 155-177.

Given the direct harm allegedly experienced by Pasco and Gem State, the Court finds that Counts IX through Count XIV are properly raised as derivative claims. Simplot's derivative claims allege Defendants breached the Pasco and Gem State operating agreements (Counts IX and X), Defendants breached fiduciary duties owed to Pasco and Gem State (Counts XI and XII), Defendants were unjustly enriched because of these breaches (Count XIII), and Defendant WPC breached Pasco's management services agreement (Count XIV). These claims directly implicate duties owed to Pasco and Gem State, and allege direct harm to these LLCs because of Defendants' alleged misconduct. Because these claims are derivative, Pasco and Gem State are not nominal or formal parties whose citizenship does not matter in the Court's jurisdictional analysis. What's more, since Pasco and Gem State are citizens of Idaho and Washington State, the states which Simplot and Defendants are citizens of, complete diversity over Simplot's derivative claims does not exist.

Simplot's arguments to the contrary are not persuasive. *See* Dkt. #52 at 13-16. According to Simplot, the Court need not consider Pasco and Gem State's citizenship in its jurisdictional analysis because the "'real dispute'" is between the two sole members of Pasco and Gem State, and because Pasco and Gem State do not have distinct interests from those of the parties to this case. *See id*. To support this argument, Simplot relies on two cases: *Polak v. Kobayashi*, No. Civ. A. 05-330 JJF, 2005 WL 2008306 (D. Del. Aug. 22, 2005) ("*Polak I*"), and *Roskind v. Emigh*, No. 2:05-CV-0825-RCJ-RJJ, 2007 WL 981725 (D. Nev. April 2, 2007). In both *Polak I* and *Roskind*, the district courts reasoned that where a business entity is joined "solely for the purposes of dissolution, distribution of assets, or other formal acts, courts have traditionally classified these entities as nominal parties for diversity purposes." *Roskind*, 2007 WL 981725, at *2; *see Polak I*, 2005 WL 2008306, at *2-3 (LLC considered nominal party

where primary issue before the court concerned dissolution of the LLC and LLC member, not LLC, would benefit from dissolution). Here, unlike in *Polak I* and *Roskind*, the Court is not considering the dissolution of Pasco and Gem State. On the contrary, Simplot's request to appoint a receiver indicates that Pasco and Gem State are to continue on as entities. Consequently, unlike in *Polak I* or *Roskind*, while this suit may incidentally benefit Simplot, it primarily benefits Pasco and Gem State. Simplot's reliance on *Polak I* and *Roskind* thus fails to convince the Court that Pasco and Gem State are nominal parties.[5]

Accordingly, the Court GRANTS Defendants' motion to dismiss Counts IX, X, XI, XII, XIII, and XIV.

**B. The Court Lacks Subject Matter Jurisdiction over Six of Simplot's "Direct" Claims Because They Are Derivative In Nature.**

Although labeled as "direct," the Court finds that six of Simplot's "direct" claims are actually derivative claims. As previously noted, a claim is direct where injury to an LLC member "is not solely the result of an injury suffered or threatened to be suffered" by the LLC. *Goldberg*, 184 Wash. App. 1019, at *9; *see* WASH. REV. CODE 25.10.701(2). Here, Simplot's "direct" claims include counts for Defendants' alleged breach of Pasco and Gem State's operating agreements (Counts I and II), the alleged breach of fiduciary duties Defendants owed Simplot because of their management positions (Counts V and VI), Defendants' alleged unjust

---

[5] Notably, the *Polak I* court issued a second decision, *Polak v. Kobayashi*, Civ. No. 05-330-SLR, 2008 WL 4905519, *7 (D. Del. Nov. 13, 2008) ("*Polak II*"), where it explained that it could not retain subject matter jurisdiction over claims where the LLC at issue was a real party in interest. The *Polak* court then proceeded, as the Court does here, to determine whether the LLC was a real party in interest by assessing whether the plaintiff's claims were direct or derivative. *Polak II*, 2008 WL 4905519, at *7 ("To be a direct claim, plaintiff's alleged injury 'must be independent of any alleged injury to [the LLC].' In other words, plaintiff 'must demonstrate that the duty breached was owed to [him] and that he ... can prevail without showing an injury to [the LLC].'") (quoting *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1039 (Del. 2004)).

enrichment because of those breaches (Count VII), and a claim for declaratory judgment which directly implicates the ownership of Pasco and Gem State (Count VIII).

In Count I, Simplot alleges WPC, the managing member of Pasco, breached Pasco's operating agreement. Dkt. #46 ¶¶ 121-124. To support this allegation, Simplot alleges WPC has failed to adequately manage Pasco's day-to-day business and ordinary affairs, WPC has failed to maintain and provide Pasco's books and records, and WPC has improperly declared a "Deadlock." The Court does not agree that Count I is a direct claim. Although Simplot alleges it incurred damages "separate and apart from Pasco itself," injuries sustained by Simplot result from injuries suffered, or threatened to be suffered, by Pasco. The same is true of Count II, which alleges that OPC has failed to adequately manage Gem State. *Id*. ¶¶ 125-128. Consequently, the Court finds that Counts I and II are derivative and Pasco and Gem State's citizenship must be considered in the Court's jurisdictional analysis of these claims.

Counts V and VI are also improperly characterized as "direct" claims. In Count V, Simplot alleges Defendant WPC, Pasco's manager, and Defendant Tiegs, an officer of Pasco, breached fiduciary duties owed to Simplot. *Id*. ¶¶ 133-144. Simplot alleges WPC breached its fiduciary duties by not using due care to manage Pasco, by engaging in self-dealing, by concealing material facts from Simplot, by "acting in a grossly negligent, reckless and/or willful fashion in managing and operating Pasco" and related entities, and by violating its duty of loyalty by improperly manufacturing a "Deadlock" under Pasco's operating agreement. *Id*. ¶ 136. Tiegs allegedly breached fiduciary duties owed to Simplot in largely the same manner. *See* Dkt. #46 ¶137. Although LLC managers owe fiduciary duties to an LLC and its members, a breach of those duties does not necessarily give rise to a direct claim. *See Bishop of Victoria Corp. Sole v. Corporate Business Park, LLC*, 158 P.3d 1183, 1190 (Wash. App. 2007) ("The

role of members in a member-managed LLC is analogous to that of partners in a general partnership, and partners are held accountable to each other and the partnership as fiduciaries."); *Goldberg*, 184 Wash. App. 1019, at *9 ("[T]he fact that the Quiggs may have owed fiduciary duties to Goldberg as an LLC member, as well as to the Partnership and the LLC, does not mean that Goldberg is the proper party to raise the claims . . . ."). Here, Simplot's claimed injuries are not direct, but instead derive from injuries allegedly inflicted upon Pasco. The same is true of the injuries claimed in Count VI. In Count VI, although Simplot alleges the breach of fiduciary duties owed to it by Gem State's manager, Simplot nonetheless alleges injuries derivative of injuries allegedly suffered by Gem State. The Court thus finds that Counts V and VII are derivative, and, because Pasco and Gem State are the real parties in interest, their citizenship must be considered in the Court's jurisdictional analysis of these claims.

Count VII, like Counts I, II, V, and VI, is also derivative. Count VII alleges that as a result of Defendants' breach of Pasco and Gem State's operating agreements, Defendants' violation of Washington LLC Act's records disclosure requirements, and Defendants' breach of their fiduciary duties owed to Simplot, Defendants have been unjustly enriched. *Id*. ¶¶ 145-148. Because Simplot's unjust enrichment claim is premised on injuries suffered, or threatened to be suffered, by Pasco and Gem State, the Court finds this claim derivative, and will thus consider Pasco and Gem State's citizenship in its jurisdictional analysis of this claim.

Simplot's Count VIII request for declaratory judgment is also a derivative claim. *See* Dkt. #46 ¶¶150-152. Simplot alleges an actual and justiciable controversy exists between Simplot and WPC, and between Simplot and OPC, because the parties are in disagreement about the existence of a "Deadlock" under Pasco and Gem State's operating agreements. *Id*.

¶ 151. Simplot does not agree that a "Deadlock," which would allow Defendants to buy out Simplot's interest in Pasco and Gem State, has occurred. Instead, Simplot claims Defendants have "manufactured" a "Deadlock," in order to benefit from their devaluation of Simplot's membership interest in Pasco and Gem State. Given Defendants' alleged manufacture of a "Deadlock," Simplot requests these declarations from the court: 1) declaration that there is no "Deadlock" under the Pasco operating agreement; 2) declaration that there is no "Deadlock" under the Gem State operating agreement; 3) declaration that Defendants must comply with Simplot's records demands before a "Deadlock" may be declared; 4) declaration that Defendants are estopped from declaring a "Deadlock," because such a declaration would enable Defendants to benefit from their alleged devaluation of Pasco and/or Gem State; 5) a declaration that the Supply Agreement Condition in the Pasco operating agreement is unenforceable as a matter of law; 6) a declaration that even if there is a "Deadlock," the Forced Sale Term in the Pasco Operating Agreement is unenforceable because of WPC's self-dealing, breaches of fiduciary duty, and/or other conduct that devalued Pasco; 7) a declaration that the Forced Sale Term is unenforceable; and 8) "Any other declarations necessary to implement full relief to Simplot." *Id*. ¶ 152.

Because the declaratory relief requested by Simplot is in part based on Defendants' alleged breaches of Pasco and Gem State's operating agreements, and on Defendants' alleged breaches of fiduciary duties owed to Simplot, Pasco, and Gem State, the Court does not agree this claim is properly characterized as a "direct" claim. Although Defendants' alleged manufacture of a "Deadlock" injures Simplot, whose interest in Pasco and Gem State would be bought out by Defendants, this harm is incidental to the harm Defendants have allegedly imposed upon Pasco and Gem State in manufacturing the "Deadlock." According to Simplot,

Pasco and Gem State "have suffered losses estimated to be in the millions of dollars," they are "experiencing food and worker safety issues," they have defaulted on their financial covenants, and approximately 2,150 employees who work for Pasco and Gem State "face an uncertain future in their jobs." Dkt. #46 ¶ 120. That Simplot's requested declaratory relief stems from injuries suffered, or threatened to be suffered, by Pasco and Gem State is further evidenced by Simplot's request for a declaration that Defendants are estopped from declaring a "Deadlock" because this declaration would allow Defendants to benefit from their misconduct. The declaratory relief sought thus requires the Court to consider the injuries allegedly suffered by Pasco and Gem State.

Because Simplot's request for declaratory judgments requires the Court to consider whether Pasco and Gem State were purposefully mismanaged by Defendants, Pasco and Gem state are indispensable, rather than nominal, parties whose citizenship must be considered to determine if subject matter jurisdiction is proper.

In summary, Counts I, II, V, VI, VII, and VIII, although labeled as direct claims, are actually derivative in nature. Because Pasco and Gem State's citizenship must be considered in derivative claims, the Court finds that subject matter jurisdiction over these claims is lacking. Accordingly, Defendants' motion to dismiss Counts I, II, V, VI, VII, and VIII is GRANTED.

**C. The Court Lacks Subject Matter Jurisdiction Over Simplot's Count to Appoint A Receiver.**

The Court next considers Count XV, which seeks the appointment of a receiver for Pasco and Gem State. Dkt. #46 ¶¶ 178-181. In Count XV, Simplot explains that it "separately requires a receiver as to its direct claims to mitigate the ongoing and irreparable harm to Simplot particularly by virtue of Defendants' misconduct." *Id*. ¶ 178. Simplot alleges it "has probable rights and interests in the assets and operations of Pasco and Gem State," and claims

Pasco's and Gem State's "assets or their revenue-producing potential is in danger of being lost, materially injured and/or impaired." *Id.* ¶ 180. The appointment of a receiver, contrary to Simplot's assertions in its Response to Defendants' motion to dismiss, renders Pasco and Gem State indispensable, rather than nominal parties. *See, e.g.*, *J2 Enters., LLC v. Fields*, No. CIV-14-781-M, 2014 WL 4957300, *2 (W.D. Okla. Oct. 3, 2014) ("[W]here plaintiffs are suing defendants seeking accounting, alleging breach of fiduciary duty, and most significantly, requesting the appointment of a receivership . . . the Court finds that Defendant SDI is clearly a real and substantial party to the controversy and is not merely a nominal party."); *also Skaaning v. Sorensen*, CV No. 09-00364DAE-KSC, 2009 WL 3763056, *7 (D. Haw. Nov. 10, 2009) ("This Court has found no Ninth Circuit or other authority, and the parties cite none, holding that a LLC which a plaintiff seeks to put into receivership, dissolve, and enjoin management of, is a nominal party."); *Masters v. Harkleroad*, No. 08-13308, 2008 WL 5265055, *2 (finding that an LLC is not a nominal party where a plaintiff seeks to place the LLC into receivership). Consequently, Pasco and Gem State's citizenship must be considered in the Court's jurisdictional analysis of Count XV. Because inclusion of Pasco and Gem State's citizenship in that analysis destroys complete diversity, the Court GRANTS Defendants' motion to dismiss Count XV.

**D. It Unclear Whether The Court Has Subject Matter Jurisdiction Over Two of Simplot's Direct Claims.**

Of the fifteen counts raised in Simplot's Amended Complaint, only two, Counts III and IV, are direct claims. *See* Dkt. #46 ¶¶ 129-132, 149-152. In Count III, Simplot seeks "an order of mandamus or other relief against WPC pursuant to RCW 25.15.136," to compel WPC's compliance with a demand Simplot sent WPC for Pasco's records. Dkt. #46 ¶¶ 89, 130. Count IV seeks the same relief against OPC regarding Gem State's records. *Id.* ¶ 132. An LLC

member properly brings a direct claim when the injury they allege does not result from "an injury suffered or threatened to be suffered" by the LLC of which they are a member. *See Finley*, 2006 WL 1169794, at *3; *Goldberg*, 184 Wash. App. 1019, at *9; *also* WASH. REV. CODE § 25.10.701(2). Under Washington State's LLC Act, LLC members may inspect and copy the records an LLC is required to keep. WASH. REV. CODE §§ 25.15.136(1)-(4). Because this right of inspection belongs directly to LLC members, any violation of a member's right to inspect an LLC's records results in a direct, rather than derivative, injury to the LLC member. *See Bartfield v. Murphy*, 578 F. Supp. 2d 638, 648 (S.D.N.Y. 2008) ("The duty of full disclosure is one owed by Murphy to Bartfield, not one owed to CFE, and can support a direct suit."). Consequently, Counts III and IV properly raise direct claims. However, for diversity jurisdiction to exist, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1).

Here, it is unclear from Simplot's Amended Complaint whether the damages stemming from Defendants' alleged failure to disclose Pasco and Gem State's records exceeds the requisite amount. The Court thus declines to exercise subject matter jurisdiction over these two claims, and Defendants' motion to dismiss Counts III and IV is accordingly GRANTED.

## V. CONCLUSION

The Court, having reviewed Defendants' Motion to Dismiss, Simplot's Response, Defendants' Reply, the declarations and exhibits attached thereto, and the remainder of the record, hereby finds and ORDERS:

(1) Defendants' Motion to Dismiss (Dkt. #49) is GRANTED as follows:

    a. Counts I, II, and V-XV are dismissed with prejudice; and

    b. Counts III and IV are dismissed. If Simplot wishes to proceed with Counts III and IV in federal court, Simplot must amend its Amended Complaint to only include Counts III and IV. The second amended complaint must explain how the amount in controversy for these two

claims exceeds $75,000 and must be filed within **fourteen (14)** days of the date of this Order;

(2) Given the Court's dismissal of Simplot's claims, the following pending motions in this matter are STRICKEN as MOOT:

  a. Simplot's Motion to Appoint Receiver (Dkt. #21);
  b. NFF's Motion to Disqualify (Dkt. #57);
  c. Simplot's LCR 37(a)(2) Motion to Compel (Dkt. #73);
  d. Simplot's Motion for Preliminary Injunction (Dkt. #75);
  e. Defendants' LCR 37(a)(2) Motion to Compel (Dkt. #76);
  f. Simplot's Motion For Leave to Amend Verified Complaint to Clarify Statements (Dkt. #98); and
  g. The parties Stipulation and [Proposed] Order regarding Briefing Schedule on Plaintiff's Motion for Preliminary Injunction (Dkt. #109).

DATED this 14th day of April 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE