UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

J.R. SIMPLOT COMPANY, *et al.*,

    Plaintiffs,

    v.

WASHINGTON POTATO CO., *et al.*,

    Defendants.

CASE NO. C16-1851RSM

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE SIMPLOT'S CONFIDENTIALITY DESIGNATIONS

## I.    INTRODUCTION

This matter comes before the Court on Defendants' Motion to Strike "Confidentiality" Designations Re Simplot Deposition Testimony. Dkt. #111. On January 11, 2017, the Court entered a Stipulated Protective Order to protect several categories of information obtained through discovery from public disclosure. *See* Dkt. #43. Under that Stipulated Protective Order, Plaintiff J.R. Simplot Company ("Simplot") designated several excerpts from the deposition transcripts of its Rule 30(b)(6) corporate representatives as "Confidential." Although these deposition transcripts were not filed with the Court, Defendants disagree with fourteen of Simplot's confidentiality designations and now ask the Court to strike these designations as

improper. Dkt. #111 at 6. Defendants also ask for an award of reasonable attorneys' fees for the fees they incurred in bringing this motion. *Id*. at 6-7. Simplot disagrees with Defendants, and argues that disclosure will harm its competitive standing. Dkt. #118 at 8. For the reasons discussed below, the Court GRANTS Defendants' motion in part and DENIES it in part.

## II. DISCUSSION

"When determining whether and to what extent information may be shielded from public view, courts distinguish between materials produced during discovery but not filed with the court versus materials attached to 'judicial records.'" *United States ex rel. Brown v. Celgene Corp.*, Case No. CV 10-3165 GHK (SS), 2016 WL 6542729, at *4 (C.D. Cal. March 14, 2016). Unfiled information produced during discovery is not part of the judicial record, and thus a party who designates a document as confidential must justify the designation by satisfying a "good cause" standard. *Id.*; *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default."). Parties satisfy the "good cause" standard by demonstrating that specific prejudice or harm will result if the challenged information is disclosed. *Celgene Corp.*, 2016 WL 6542729, at *4; *also Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*, No. C-06-1066 PHJ (EMC), 2007 WL 4169628 (N.D. Cal. Nov. 20, 2007) ("Upon challenge, the designating party must justify each document by showing good cause and demonstrate that specific prejudice or harm will result if the [] documents (or related testimony) are disclosed.").

Here, Simplot fails to justify the confidentiality designations of the following five excerpts of the April 10, 2017, deposition of Mark. P. Keller, and the following nine excerpts of the April 11, 2017, deposition of Brent K. Moylan:

|   | TRANSCRIPT | FROM PAGE/LINE(S) | TO PAGE/LINE(S) |
|---|---|---|---|
| 1 | M. McKellar | 12:15 | 13:7 |
| 2 | M. McKellar | 20:1 | 20:18 |
| 3 | M. McKellar | 80:22 | 81:8 |
| 4 | M. McKellar | 24:19 | 26:2 |
| 5 | M. McKellar | 158:13 | 158:23 |
| 1 | B. Moylan | 45:13 | 46:1 |
| 2 | B. Moylan | 46:18 | 47:3 |
| 3 | B. Moylan | 48:8 | 48:18 |
| 4 | B. Moylan | 50:6 | 50:10 |
| 5 | B. Moylan | 50:13 | 50:14 |
| 6 | B. Moylan | 54:1 | 54:10 |
| 7 | B. Moylan | 180:4 | 180:6 |
| 8 | B. Moylan | 180:14 | 180:19 |
| 9 | B. Moylan | 206:6 | 206:19 |

To support maintaining the confidentiality of these excerpts, Simplot points out that testimony in these excerpts falls within two categories of information protected by the Stipulated Protective Order. Dkt. #118 at 8. Simplot also contends it does not disclose the information within these excerpts to the public, and contends disclosure of this information would "potentially" harm its competitive standing because it would "reveal to competitors information about Simplot's business strategy and/or business projections, information about the financial performance of the Simplot NAFG, and Simplot employees' internal communications regarding food safety or quality." *Id*. Simplot fails to convince the Court.

Instead of demonstrating the specific prejudice or harm that will result if these deposition excerpts are disclosed, Simplot simply refers to a generalized, potential harm. *See* Dkt. #118 at 8. Without more information, including specific demonstrations of fact, the Court cannot

determine whether the harm allegedly posed by disclosure is real or merely speculative. *See Medtronic*, 2007 WL 4169628, at *2 ("good cause" not shown where party failed to support good cause with "'specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm.'") (quoting *Charles O. Bradley Trust v. Zenith Capital LLC*, No. C-04-2239 JSW (EMC), 2006 WL 798991 (N.D. Cal. Mar. 24, 2006)). Consequently, the Court GRANTS Defendant's motion to strike the confidentiality designations from the five excerpts of Mr. McKellar's deposition, and the nine excerpts of Mr. Moylan's deposition. However, because the Court does not agree that Simplot's designation of these fourteen excerpts is "clearly unjustified," or "made for an improper purpose," as required to impose sanctions under Section 5.1 of the Stipulated Protective Order, Defendants' request for attorneys' fees is DENIED.

### III. CONCLUSION

Having considered Defendants' Motion to Strike "Confidentiality" Designations Re Simplot Deposition Testimony (Dkt. #111), Simplot's Response thereto, Defendants' Reply, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendants' Motion to Strike "Confidentiality" Designations Re Simplot Deposition Testimony (Dkt. #111) is GRANTED in part and DENIED in part;

2. The confidentiality designations of the following deposition excerpts are stricken:

|   | TRANSCRIPT | FROM PAGE/LINE(S) | TO PAGE/LINE(S) |
|---|---|---|---|
| 1 | M. McKellar | 12:15 | 13:7 |
| 2 | M. McKellar | 20:1 | 20:18 |
| 3 | M. McKellar | 80:22 | 81:8 |
| 4 | M. McKellar | 24:19 | 26:2 |
| 5 | M. McKellar | 158:13 | 158:23 |
| 1 | B. Moylan | 45:13 | 46:1 |

| 2 | B. Moylan | 46:18  | 47:3   |
| 3 | B. Moylan | 48:8   | 48:18  |
| 4 | B. Moylan | 50:6   | 50:10  |
| 5 | B. Moylan | 50:13  | 50:14  |
| 6 | B. Moylan | 54:1   | 54:10  |
| 7 | B. Moylan | 180:4  | 180:6  |
| 8 | B. Moylan | 180:14 | 180:19 |
| 9 | B. Moylan | 206:6  | 206:19 |

3. Defendants' request for attorneys' fees is DENIED; and

4. Given the Court's resolution of the instant motion, Defendants' Motion to Seal (Dkt. #113) is STRICKEN as MOOT. The Clerk of the Court is directed to keep the deposition transcripts filed at Dkt. #114 sealed; Simplot may then file a public version of the sealed deposition transcripts that complies with this Order.

DATED this 13th day of July 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE